GONZALEZ & FLORES LAW FIRM
Rodolfo Gonzalez, Esq.
Nevada Bar No. 12751
Rodolfogonzalezlaw@gmail.com
Edgar Flores, Esq.
Nevada Bar No. 13130
Edgarfloreslaw@gmail.com
879 N. Eastern Ave.
Las Vegas, NV 89101
Tel: 702-778-3030
Fax: 702-920-8657

CLAGGETT & SYKES LAW FIRM
Sean Claggett, Esq.
Nevada Bar No. 008407
Sean@claggettlaw.com
Steve Lewis, Esq.
Nevada Bar No. 7064
Steve@claggettlaw.com
4101 Meadows Lane, Suite 100
Las Vegas, NV 89107
Tel: 702-655-2346
Fax: 702-655-3763

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

***

| | |
|---|---|
| JEANNE LLERA and JORGE L. GOMEZ, as the appointed co-special administrators of the estate of JORGE A. GOMEZ; JEANNE LLERA; and JORGE L. GOMEZ,<br><br>Plaintiffs,<br><br>vs.<br><br>LAS VEGAS METROPOLITAN POLICE DEPARTMENT; RYAN FRYMAN; DAN EMERTON; VERNON FERGUSON; ANDREW LOCHER; and DOES 1-10, inclusive,<br><br>Defendants. | Case No. <br><br>**COMPLAINT FOR DAMAGES**<br><br>1.   Violation of Free Speech- Right to Peaceful Protest (42 U.S.C. § 1983)<br>2.   Unreasonable Search and Seizure—Excessive Force (42 U.S.C. § 1983)<br>3.   Unreasonable Search and Seizure—Denial of Medical Care (42 U.S.C. § 1983)<br>4.   Substantive Due Process—(42 U.S.C. § 1983)<br>5.   Municipal Liability for Unconstitutional Custom, Practice, or Policy (42 U.S.C. § 1983)<br>6.   Municipal Liability— Failure to Train (42 U.S.C. § 1983)<br>7.   Municipal Liability— Ratification (42 U.S.C. § 1983) |

8.   Battery (Wrongful Death/Survival)
9.   Negligence (Wrongful Death/Survival)

**DEMAND FOR JURY TRIAL**

**<u>COMPLAINT FOR DAMAGES</u>**

Plaintiffs JEANNE LLERA and JORGE L. GOMEZ, as the appointed co-special administrators of the estate of JORGE A. GOMEZ, JEANNE LLERA and JORGE L. GOMEZ, for their Complaint against Defendants LAS VEGAS METROPOLITAN POLICE DEPARTMENT, RYAN FRYMAN, DAN EMERTON, VERNON FERGUSON, ANDREW LOCHER, AND DOES 1-10, inclusive, allege as follows:

**<u>INTRODUCTION</u>**

1.   This civil rights action seeks compensatory and punitive damages from Defendants for violating various rights under the United States Constitution and state law in connection with the fatal police shooting of the decedent, Jorge A. Gomez.

**<u>PARTIES</u>**

2.   At all relevant times, JORGE A. GOMEZ ("DECEDENT") was an individual residing in Clark County, Nevada.

3.   Plaintiffs JEANNE LLERA and JORGE L. GOMEZ are the court-appointed co-special administrators of the estate of DECEDENT.  Plaintiffs JEANNE LLERA and JORGE L. GOMEZ sue in their representative capacities as the appointed co-special administrators of the estate of DECEDENT and seek survival damages under both federal and state law.

4.   Plaintiff JEANNE LLERA is an individual residing in the County of Osceola, Florida, and is the mother of DECEDENT.  JEANNE LLERA sues in her individual capacity as the mother of DECEDENT.  JEANNE LLERA seeks wrongful death damages under both federal and state law.

COMPLAINT FOR DAMAGES

5.  Plaintiff JORGE L. GOMEZ is an individual residing in the County of Clark, Nevada, and is the father of DECEDENT.  JORGE L. GOMEZ sues in his individual capacity as the father of DECEDENT.  JORGE L. GOMEZ seeks wrongful death damages under federal and state law.

6.  At all times herein mentioned, Defendant, LAS VEGAS METROPOLITAN POLICE DEPARTMENT (hereinafter "LVMPD") is and was at all relevant times mentioned herein, a political subdivision of Clark County, a municipality duly organized and existing under the laws of the State of Nevada.

7.  Defendant RYAN FRYMAN is an individual, and a LVMPD Police Officer.

8.  Defendant DAN EMERTON is an individual, and a LVMPD Police Officer.

9.  Defendant VERNON FERGUSON is an individual, and a LVMPD Police Officer.

10.  Defendant ANDREW LOCHER is an individual, and a LVMPD Police Officer.

11.  At all relevant times, LVMPD was the employer of Defendants RYAN FRYMAN, DAN EMERTON, VERNON FERGUSON and ANDREW LOCHER, who were LVMPD police officers.  At all relevant times DOES 1 through 5 ("DOE OFFICERS") were members of law enforcement, including, but not limited to, LVMPD police officers.  At all relevant times, DOES 6 through 10 ("DOE SUPERVISORS") who were managerial, supervisorial, and policymaking employees of LVMPD.  Officers FRYMAN, EMERTON, FERGUSON, LOCHER and DOE OFFICERS are sued in their individual capacity for damages only.

12.  The true names and capacities of Defendants DOES 1 through 10, inclusive, are unknown to Plaintiffs who therefore sue these Defendants by such fictitious names.  Plaintiffs will seek leave to amend this complaint to show the true names and capacities of these Defendants when they have been ascertained.  Each of

COMPLAINT FOR DAMAGES

1  the fictitiously named defendants is responsible in some manner for the conduct or
2  liabilities alleged herein.

3        13.    At all times herein Officers FRYMAN, EMERTON, FERGUSON,
4  LOCHER, some of the DOE OFFICERS and all DOE SUPERVISORS were duly
5  authorized employees and agents of the LVMPD who were acting under color of
6  law, within the course and scope of their respective duties as police officers and
7  with the complete authority and ratification of their principal, Defendant LVMPD.

8        14.    At all times herein, each and every Defendant was the agent of each
9  and every other defendant and had the legal duty to oversee and supervise the hiring,
10  conduct, employment, and discipline of each and every Defendant herein.

11        15.    In doing the acts and in failing or omitting to act as hereafter described,
12  Officers FRYMAN, EMERTON, FERGUSON, LOCHER, some of the DOE
13  OFFICERS and all the DOE SUPERVISORS were acting with the implied and
14  actual permission and consent of Defendant LVMPD.

15        16.    At all times herein mentioned, all defendants, named and unnamed,
16  were and are duly appointed officers, agents, and/or employees of Defendant
17  LVMPD or of another local law enforcement agency.

18        17.    At all times herein, each and every defendant was the agent of each and
19  every other Defendant and had the legal duty to oversee and supervise the hiring,
20  conduct, employment, and discipline of each and every defendant named and
21  unnamed in this complaint.

22        18.    In doing the acts and in failing or omitting to act as hereafter described,
23  Defendants were acting with the implied and actual permission and consent of
24  Defendant LVMPD.  The involved officers were acting under the color of law and
25  under the course and scope of their employment with the LVMPD and/or of another
26  local law enforcement agency.

27
28

COMPLAINT FOR DAMAGES

**JURISDICTION AND VENUE**

19.     This civil action is brought for the redress of alleged deprivations of constitutional rights as protected by 42 U.S.C. §§ 1983, 1985, 1986, 1988, and the Fourth and Fourteenth Amendments of the United States Constitution.  Jurisdiction is founded on 28 U.S.C. §§ 1331, 1343, and 1367.

20.     Venue is proper in this Court under 28 U.S.C. § 1391(b), because Defendants reside in, and all incidents, events, and occurrences giving rise to this action occurred in Clark County, Nevada.

**FACTS COMMON TO ALL CLAIMS FOR RELIEF**

21.     Plaintiffs repeat and reallege each and every allegation in paragraphs 1 through 20 of this Complaint with the same force and effect as if fully set forth herein.

22.     On June 1, 2020, DECEDENT was attending a Black Lives Matter (hereinafter "BLM") protest in the Downtown Las Vegas area that was taking place in response to the recent killing of George Floyd by members of the Minneapolis Police Department.  There were several other protestors at this BLM protest, not just DECEDENT.

23.     At the time of the incident DECEDENT was only 25 years old.

24.     DECEDENT had attended the BLM protest with some of his guns on his person in compliance with Nevada's "open carry" laws and was lawfully exercising his constitutional right under the Second Amendment.  DECEDENT was not breaking any laws by attending the BLM protest by openly carrying with his guns.  DECEDENT was also wearing a ballistic vest which was also not in violation of Nevada state law.

25.     Prior to the June 1, 2020, BLM protest, DECEDENT had attended several previous BLM protest in Las Vegas with his guns on him and while wearing a ballistic vest, all without any issues or problems with law enforcement.

COMPLAINT FOR DAMAGES

26.     On June 1, 2020, DECEDENT had encountered several members of law enforcement, including LVMPD officers, while peacefully protesting at the BLM demonstration (just as had occurred during the prior protests he attended). DECEDENT walked by several police officers while at the protest on Las Vegas Blvd., and even waved at some of the police officers as he passed by them.  Despite encountering several members of law enforcement while protesting, DECEDENT was never even approached by any of these officers because he was not in violation of any law by attending the BLM protest with his guns on him.

27.     At approximately 11:00 p.m., members of law enforcement began an operation to disperse the BLM protestors, including DECEDENT, despite the protestors engaging in a peaceful demonstration and exercising their constitutionally protected right to peaceful protest/freedom of assembly under the First Amendment.

28.     In compliance with the order to disperse from law enforcement, DECEDENT left the BLM protest and began to walk towards his parked vehicle so he could leave the area.  DECEDENT's vehicle was parked on the street near the area of the Lloyd D. George Federal Courthouse in Downtown Las Vegas.

29.     On information and belief, while walking back towards his parked vehicle so he could leave the area, members of law enforcement near the courthouse, including, but not limited to, members of LVMPD, began to fire several less than lethal rounds at DECEDENT, striking him multiple times, causing him severe pain and suffering.

30.     The involved officers did not give a verbal warning prior to firing less than lethal rounds at DECEDENT, despite being feasible to do so.

31.     On information and belief, law enforcement, including, but not limited to, members of LVMPD, discharged and struck DECEDENT with the less than lethal rounds that they were firing at him.

COMPLAINT FOR DAMAGES

32.    In response to the less than lethal rounds being fired at and striking DECEDENT, he began to run away in the opposite direction from where the officers were positioned who were shooting him.

33.    DECEDENT did not charge at or run in the direction of the officers who were firing and striking him with the less then lethal rounds.  Further, DECEDENT never verbally threatened any of these officers, he never pointed a gun at anyone, including the involved officers, and he never fired his weapon at any point during the incident, nor did he attempt to do so.

34.    While DECEDENT was running away from the officers near the Courthouse who were shooting him with less than lethal rounds,  Officers FRYMAN, EMERTON, FERGUSON and LOCHER discharged their firearms at DECEDENT, striking him several times, causing DECEDENT serious physical injury and eventually killing him.

35.    Officers FRYMAN, EMERTON, FERGUSON and LOCHER fired a total of nineteen (19) shots at DECEDENT, including shots as DECEDENT was going to the ground and after he had already went down to the ground.

36.    Officers FRYMAN, EMERTON, FERGUSON and LOCHER did not give DECEDENT a verbal warning that deadly force would be used prior to the shooting, despite being feasible to do so.  Further, DECEDENT was not wanted for any crime and there was no information that DECEDENT had physically injured anyone.

37.    DECEDENT did not charge at Officers FRYMAN, EMERTON, FERGUSON and LOCHER.  Instead, DECEDENT was running away in the opposite direction of the officers who were shooting him with less than lethal rounds.  Further, DECEDENT never verbally threatened anyone, including the involved officers, he never pointed a gun at anyone, including at the involved officers, and he never fired his weapon at any point during the incident, nor did he attempt to do so.

COMPLAINT FOR DAMAGES

38.     Officers FRYMAN, EMERTON, FERGUSON and LOCHER may have simply overreacted when they heard the less then lethal rounds being fired at DECEDENT and saw DECEDENT running with his guns on his person.  Prior to, and during the shooting, DECEDENT had not committed any serious crime and Officers FRYMAN, EMERTON, FERGUSON and LOCHER had no information that DECEDENT had committed a serious crime.

39.     On information and belief, FRYMAN, EMERTON, FERGUSON and LOCHER were members of LVMPD's Development Bureau, range training staff, so they would not normally work patrol in the field.  This may have also contributed to them overreacting and using excessive and unreasonable deadly force against DECEDENT.

## FIRST CLAIM FOR RELIEF

**Violation of Free Speech- Right to Peaceful Protest (42 U.S.C. § 1983)**
(Against Defendants FRYMAN, EMERTON, FERGUSON, LOCHER, and DOES 1-5)

40.     Plaintiffs repeat and reallege each and every allegation in paragraphs 1 through 39 of this Complaint with the same force and effect as if fully set forth herein.

41.     Defendants FRYMAN, EMERTON, FERGUSON, LOCHER and DOES 1-5 caused DECEDENT to be deprived of his rights under the First Amendment to the Constitution when they shot DECEDENT with both nonlethal rounds and lethal rounds after he had just been peacefully protesting at a BLM demonstration, then began to walk to his parked vehicle so he could leave the area in compliance with a law enforcement order to disburse which had recently been issued to the protestors.

42.     Under the First Amendment, a citizen has the right to peacefully protest and the right to freedom of assembly.

43.     While DECEDENT was peacefully protesting at the BLM demonstration, DECEDENT was engaged in a constitutionally protected activity. Defendants FRYMAN, EMERTON, FERGUSON, LOCHER and DOES 1-5's actions against DECEDENT, including, but not limited to, shooting him several times with both nonlethal and lethal rounds, would chill a person of ordinary firmness from continuing to engage in this protected activity.

44.     DECEDENT's constitutionally protected activity of peacefully protesting was a substantial or motivating factor in Defendants FRYMAN, EMERTON, FERGUSON, LOCHER and DOES 1-5's conduct.

45.     Defendants FRYMAN, EMERTON, FERGUSON, LOCHER and DOES 1-5 were acting under color of state law when they shot DECEDENT with both nonlethal and lethal rounds, and thus violated DECEDENT's First Amendment rights.

46.     As a direct and proximate cause of the acts of FRYMAN, EMERTON, FERGUSON, LOCHER and DOES 1-5, DECEDENT experienced severe pain and suffering and lost his life and earning capacity.   Plaintiffs are also claiming funeral and burial expenses under this claim.

47.     As a result of the conduct of FRYMAN, EMERTON, FERGUSON, LOCHER and DOES 1-5, they are liable for DECEDENT'S injuries, either because they were integral participants in the violation of his freedom of speech rights under the First Amendment, or because they failed to intervene to prevent these violations.

48.     The conduct of FRYMAN, EMERTON, FERGUSON, LOCHER and DOES 1-5 was willful, wanton, malicious, and done with reckless disregard for the rights and safety of DECEDENT and therefore warrants the imposition of exemplary and punitive damages as to Defendants FRYMAN, EMERTON, FERGUSON, LOCHER and DOES 1-5.

49.     Plaintiffs JEANNE LLERA and JORGE L. GOMEZ, bring this claim as the appointed co-special administrators of the estate of DECEDENT JORGE A. GOMEZ and seek survival damages for the violation of DECEDENT's rights.

50.     Plaintiffs also seek attorney fees under this claim.

### SECOND CLAIM FOR RELIEF

**Unreasonable Search and Seizure—Excessive Force (42 U.S.C. § 1983)**

(Against Defendants FRYMAN, EMERTON, FERGUSON, LOCHER, and DOES 1-5)

51.     Plaintiffs repeat and reallege each and every allegation in paragraphs 1 through 50 of this Complaint with the same force and effect as if fully set forth herein.

52.     Defendants FRYMAN, EMERTON, FERGUSON, LOCHER, and DOES 1-5's  unjustified shooting (both nonlethal and lethal rounds) deprived DECEDENT of his right to be secure in his persons against unreasonable searches and seizures as guaranteed to DECEDENT under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

53.     The unreasonable use of force by Defendants FRYMAN, EMERTON, FERGUSON, LOCHER, and DOES 1-5 deprived the DECEDENT of his right to be secure in his person against unreasonable searches and seizures as guaranteed to DECEDENT under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

54.     As a result, DECEDENT suffered extreme mental and physical pain and suffering, loss of enjoyment of life and eventually suffered a loss of life and of earning capacity.  Plaintiffs are also claiming funeral and burial expenses under this claim.

55.     As a result of the conduct of Defendants FRYMAN, EMERTON, FERGUSON, LOCHER, and DOES 1-5, they are liable for DECEDENT's injuries,

-10-

either because they were integral participants in the excessive force, or because they failed to intervene to prevent these violations.

56.    This use of force, both deadly and non-deadly force, was excessive and unreasonable under the circumstances, especially since DECEDENT had been peacefully protesting and then complied with law enforcement's disbursement order by walking back to his parked vehicle so he could leave the area when he was shot with both nonlethal and lethal rounds, he never pointed a gun at anyone, including the involved officers, he never fired his weapon, nor did he attempt to do so, he never verbally threatened anyone, he had not committed any crime, let alone a serious crime and the involved officers had no information that he committed a serious crime, DECEDENT never physically injured anyone prior to the shooting, nor did he attempt to do so, DECEDENT was not in violation of any laws by attending the BLM protest with his guns, some of the gunshots occurred as DECEDENT was going to the ground and after he had already went down to the ground, DECEDENT did not pose an immediate threat of death or serious bodily injury to anyone, including to the involved officers, the involved officers did not give a warning before firing both the nonlethal and lethal rounds, despite being feasible to do so and FRYMAN, EMERTON, FERGUSON and LOCHER had less than lethal options on them which they failed to exhaust before resorting to the use of deadly force, despite being feasible to do so.  Defendants' actions thus deprived DECEDENT of his right to be free from unreasonable searches and seizures under the Fourth Amendment and applied to state actors by the Fourteenth Amendment.

57.    Defendants FRYMAN, EMERTON, FERGUSON, LOCHER, and DOES 1-5 retaliated against DECEDENT for exercising his First Amendment rights to free speech, to peacefully protest and freedom of assembly, by using excessive and unreasonable force against him, including deadly force, in violation of his Fourth Amendment rights.  Further, Defendants FRYMAN, EMERTON, FERGUSON, LOCHER, and DOES 1-5, retaliated against DECEDENT for

COMPLAINT FOR DAMAGES

exercising his Second Amendment rights to bear arms (and in compliance with Nevada's "open carry" laws), by using excessive and unreasonable force against him, including deadly force, in violation of his Fourth Amendment rights.

58.    The conduct of Defendants FRYMAN, EMERTON, FERGUSON, LOCHER, and DOES 1-5 was willful, wanton, malicious, and done with reckless disregard for the rights and safety of DECEDENT and therefore warrants the imposition of exemplary and punitive damages as to Defendants FRYMAN, EMERTON, FERGUSON, LOCHER, and DOES 1-5.

59.    Plaintiffs JEANNE LLERA and JORGE L. GOMEZ, bring this claim as the appointed co-special administrators of the estate of DECEDENT JORGE A. GOMEZ and seek survival damages for the violation of DECEDENT's rights.

60.    Plaintiffs also seek attorney fees under this claim.

## THIRD CLAIM FOR RELIEF

**Unreasonable Search and Seizure—Denial of Medical Care (42 U.S.C. § 1983)**

(Against Defendants FRYMAN, EMERTON, FERGUSON, LOCHER, and DOES 1-5)

61.    Plaintiffs repeat and reallege each and every allegation in paragraphs 1 through 60 of this Complaint with the same force and effect as if fully set forth herein.

62.     The denial of medical care by Defendants FRYMAN, EMERTON, FERGUSON, LOCHER, and DOES 1-5 deprived DECEDENT of his right to be secure in his person against unreasonable searches and seizures as guaranteed to DECEDENT under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

63.    As a result, DECEDENT suffered extreme mental and physical pain and suffering and eventually suffered a loss of life and earning capacity.  Plaintiffs are also claiming funeral and burial expenses and a loss of financial support.

COMPLAINT FOR DAMAGES

64.     Defendants FRYMAN, EMERTON, FERGUSON, LOCHER, and DOES 1-5 knew that failure to provide timely medical treatment to DECEDENT could result in further significant injury or the unnecessary and wanton infliction of pain, but disregarded that serious medical need, causing DECEDENT great bodily harm and death.

65.     After shooting DECEDENT multiple times, FRYMAN, EMERTON, FERGUSON, LOCHER, and DOES 1-5 did not timely provide nor summon medical attention for DECEDENT, who was bleeding profusely and had obvious serious injuries, and FRYMAN, EMERTON, FERGUSON, LOCHER, and DOES 1-5 also did not allow and prevented responding medical personnel on-scene to timely render medical aid/assistance to DECEDENT.

66.     The conduct of FRYMAN, EMERTON, FERGUSON, LOCHER, and DOES 1-5 was willful, wanton, malicious, and done with reckless disregard for the rights and safety of DECEDENT and therefore warrants the imposition of exemplary and punitive damages as to Defendants FRYMAN, EMERTON, FERGUSON, LOCHER, and DOES 1-5.

67.     Plaintiffs JEANNE LLERA and JORGE L. GOMEZ, bring this claim as the appointed co-special administrators of the estate of DECEDENT JORGE A. GOMEZ and seek survival damages for the violation of DECEDENT's rights.

68.     Plaintiffs also seek attorney fees under this claim.

## FOURTH CLAIM FOR RELIEF

### Substantive Due Process (42 U.S.C. § 1983)

(Against Defendants FRYMAN, EMERTON, FERGUSON, LOCHER, and DOES 1-5)

69.     Plaintiffs repeat and reallege each and every allegation in paragraphs 1 through 68 of this Complaint with the same force and effect as if fully set forth herein.

70.    JEANNE LLERA has a cognizable interest under the Due Process Clause of the Fourteenth Amendment of the United States Constitution to be free from state actions that deprive her of life, liberty, or property in such a manner as to shock the conscience, including but not limited to, unwarranted state interference in Plaintiff's familial relationship with her son, DECEDENT.

71.    JORGE L. GOMEZ has a cognizable interest under the Due Process Clause of the Fourteenth Amendment of the United States Constitution to be free from state actions that deprive him of life, liberty, or property in such a manner as to shock the conscience, including but not limited to, unwarranted state interference in Plaintiff's familial relationship with his son, DECEDENT.

72.    DECEDENT had a cognizable interest under the Due Process Clause of the Fourteenth Amendment of the United States Constitution to be free from state actions that deprive him of his right to life, liberty, or property in such a manner as to shock the conscience.

73.    As a result of the excessive force by FRYMAN, EMERTON, FERGUSON, LOCHER, and DOES 1-5, and failure of said Defendants to intervene, DECEDENT died.  Plaintiffs JEANNE LLERA and JORGE L. GOMEZ were thereby deprived of their constitutional right of familial relationship with DECEDENT.

74.    FRYMAN, EMERTON, FERGUSON, LOCHER, and DOES 1-5, acting under color of state law, thus violated the Fourteenth Amendment rights JEANNE LLERA and JORGE L. GOMEZ to be free from unwarranted interference with their familial relationship with DECEDENT.

75.    The aforementioned actions of FRYMAN, EMERTON, FERGUSON, LOCHER, and DOES 1-5, along with other undiscovered conduct, shock the conscience, in that they acted with deliberate indifference to the constitutional rights of DECEDENT and Plaintiffs JEANNE LLERA and JORGE L. GOMEZ, and with purpose to harm unrelated to any legitimate law enforcement objective.

76.     Defendants FRYMAN, EMERTON, FERGUSON, LOCHER, and DOES 1-5, acting under color of state law, thus violated the Fourteenth Amendment rights of DECEDENT and Plaintiffs.

77.     As a direct and proximate cause of the acts of FRYMAN, EMERTON, FERGUSON, LOCHER, and DOES 1-5, DECEDENT experienced severe pain and suffering and lost his life and earning capacity.  Plaintiffs suffered extreme and severe mental anguish and pain and have been injured in mind and body.  Plaintiffs has also been deprived of the life-long love, companionship, comfort, support, society, care and sustenance of DECEDENT, and will continue to be so deprived for the remainder of their natural lives.  Plaintiffs are also claiming funeral and burial expenses.

78.     As a result of the conduct of FRYMAN, EMERTON, FERGUSON, LOCHER, and DOES 1-5, they are liable for DECEDENT's injuries, either because they were integral participants in the denial of due process, or because they failed to intervene to prevent these violations.

79.     The conduct of FRYMAN, EMERTON, FERGUSON, LOCHER, and DOES 1-5 was willful, wanton, malicious, and done with reckless disregard for the rights and safety of DECEDENT and Plaintiffs and therefore warrants the imposition of exemplary and punitive damages as to Defendants FRYMAN, EMERTON, FERGUSON, LOCHER, and DOES 1-5.

80.     JEANNE LLERA and JORGE L. GOMEZ bring this claim individually and seek wrongful death damages for the violation of their rights.

81.     Plaintiffs also seek attorney fees under this claim.

## FIFTH CLAIM FOR RELIEF

**Municipal Liability for Unconstitutional Custom or Policy (42 U.S.C. § 1983)**

(Against Defendants DOES 6-10 and LVMPD)

82.     Plaintiffs repeat and reallege each and every allegation in paragraphs 1 through 81 of this Complaint with the same force and effect as if fully set forth herein.

83.     On and for some time prior to June 1, 2020 (and continuing to the present date) Defendants DOES 6-10, who were managerial, supervisorial, and policymaking employees of LVMPD, deprived Plaintiffs and DECEDENT of the rights and liberties secured to them by the Fourth and Fourteenth Amendments to the United States Constitution, in that said defendants and their supervising and managerial employees, agents, and representatives, acting with gross negligence and with reckless and deliberate indifference to the rights and liberties of the public in general, and of Plaintiffs and DECEDENT, and of persons in their class, situation and comparable position in particular, knowingly maintained, enforced and applied an official recognized custom, policy, and practice of:

(a)     Employing and retaining as police officers and other personnel, including FRYMAN, EMERTON, FERGUSON, LOCHER, and DOES 1-5, who Defendants DOES 6-10, at all times material herein knew or reasonably should have known had dangerous propensities for abusing their authority and for mistreating citizens by failing to follow written LVMPD's policies, including the use of excessive and deadly force, such as fatally shooting individuals;

(b)     Of inadequately supervising, training, controlling, assigning, and disciplining LVMPD Police Officers, and other personnel, including FRYMAN, EMERTON, FERGUSON, LOCHER, and DOES 1-5, who Defendant LVMPD knew or in the exercise of reasonable care should have known had the aforementioned propensities and character traits, including the propensity for

COMPLAINT FOR DAMAGES

1    violence and the use of excessive force, including deadly force,

2    such as fatally shooting individuals;

3    (c)    By maintaining grossly inadequate procedures for reporting,

4    supervising, investigating, reviewing, disciplining and

5    controlling the intentional misconduct by Defendants FRYMAN,

6    EMERTON, FERGUSON, LOCHER, and DOES 1-5, who are

7    Police Officers of LVMPD;

8    (d)    By failing to discipline the LVMPD Police Officers' conduct,

9    including but not limited to, the use of excessive and

10    unreasonable force, including deadly force;

11    (e)    By ratifying the intentional misconduct of Defendants

12    FRYMAN, EMERTON, FERGUSON, LOCHER, and DOES 1-

13    5, who are Police Officers of LVMPD;

14    (f)    By having and maintaining an unconstitutional policy, custom,

15    and practice of detaining and arresting individuals without

16    probable cause or reasonable suspicion, and using excessive

17    force, including deadly force, such as fatally shooting

18    individuals, which also is demonstrated by inadequate training

19    regarding these subjects.  The policies, customs, and practices of

20    DOES 6-10, were done with a deliberate indifference to

21    individuals' safety and rights;

22    (g)    By failing to properly investigate claims of excessive and

23    unreasonable force, including deadly force, by LVMPD Police

24    Officers;

25    (h)    By failing to institute appropriate policies regarding

26    constitutional procedures and practices for use of force,

27    including the use of less than lethal ammunitions, and firearms;

28

-17-

(i)     By using excessive force against persons, condoning the use of excessive force, and conspiring to cover-up civil rights violations; and

(j)     By totally inadequate training of its officers and other LVMPD employees, including defendants FRYMAN, EMERTON, FERGUSON, LOCHER, and DOES 1-5, on the aforementioned issues, including use of firearms, despite clear need.

84.     By reason of the aforementioned policies and practices of Defendants DOES 6-10, DECEDENT was severely injured and subjected to pain and suffering and lost his life.

85.     Defendants DOES 6-10, together with various other officials, whether named or unnamed, had either actual or constructive knowledge of the deficient policies, practices and customs alleged in the paragraphs above.  Despite having knowledge as stated above these defendants condoned, tolerated and through actions and inactions thereby ratified such policies.  Said defendants also acted with deliberate indifference to the foreseeable effects and consequences of these policies with respect to the constitutional rights of DECEDENT, Plaintiffs, and other individuals similarly situated.

86.     By perpetrating, sanctioning, tolerating and ratifying the outrageous conduct and other wrongful acts, Defendants DOES 6-10, acted with an intentional, reckless, and callous disregard for the life of DECEDENT, and DECEDENT's and Plaintiff's constitutional rights.  Defendants DOES 6-10, each of their actions were willful, wanton, oppressive, malicious, fraudulent, and extremely offensive and unconscionable to any person of normal sensibilities.

87.     Furthermore, the policies, practices, and customs implemented and maintained and still tolerated by Defendants DOES 6-10, were affirmatively linked to and were a significantly influential force behind the injuries of DECEDENT and Plaintiffs.

COMPLAINT FOR DAMAGES

88.     By reason of the aforementioned acts and omissions of Defendants DOES 6-10, Plaintiffs were caused to incur funeral and related burial expenses.

89.     By reason of the aforementioned acts and omissions of Defendants DOES 6-10, Plaintiffs have suffered loss of love, companionship, affection, comfort, care, and society.

90.     Accordingly, Defendants DOES 6-10, each are liable to Plaintiffs for compensatory damages under 42 U.S.C. § 1983.

91.     Plaintiffs seek both wrongful death and survival damages under this claim.

92.     Plaintiffs also seek attorney fees under this claim.

## SIXTH CLAIM FOR RELIEF

### Municipal Liability – Failure to Train (42 U.S.C. § 1983)

(Against Defendants DOES 6-10 and LVMPD)

93.     Plaintiffs repeat and reallege each and every allegation in paragraphs 1 through 92 of this Complaint with the same force and effect as if fully set forth herein.

94.     While acting under the color of state law and within the course and scope of their employment as police officers for the LVMPD police department, FRYMAN, EMERTON, FERGUSON, LOCHER, and DOES 1-5 shooting (both nonlethal and lethal rounds) of DECEDENT, who had been peacefully protesting then complied with law enforcement's disbursement order and began to walk back towards his parked vehicle so he could leave the area, who never pointed a gun at anyone, never shot or attempted to shoot anyone, who never physically injured anyone or attempted to do so and who never verbally threatened anyone, deprived DECEDENT of his rights and liberties secured to him by the Fourth and Fourteenth Amendments, including their right to be free from unreasonable search and seizure.

95.     The training policies of the Defendant LVMPD police department were not adequate to train its police officers, including but not limited to, FRYMAN, EMERTON, FERGUSON, LOCHER, and DOES 1-5, with regards to using force, including deadly force.  As a result, LVMPD police officers, including FRYMAN, EMERTON, FERGUSON, LOCHER, and DOES 1-5, are not able to handle the usual and recurring situations with which they must deal with, including individuals peacefully protesting, individuals with guns on them in compliance with Nevada's "open carry" laws and individuals who run away from the police.  These inadequate training policies existed prior to the date of this incident and continue to this day.

96.     The Defendant LVMPD was deliberately indifferent to the known or obvious consequences of its failure to train its police officers, including FRYMAN, EMERTON, FERGUSON, LOCHER, and DOES 1-5, adequately with regards to the use of force, including deadly force.  This inadequate training  includes failing to teach  officers to deal with individuals who are peacefully protesting, who are lawfully carrying weapons in compliance with Nevada state law, who are running away from the police and who do not poise an immediate threat of death or serious bodily injury to the officers or others.

97.     LVMPD has numerous officer involved shootings annually.  Many of these shootings involve individuals who are running away from the police and who do not pose an immediate threat of death or serious bodily injury.  LVMPD was aware that there was a reoccurring problem with their officers shooting individuals who are running away from the police and who do not pose an immediate threat of death or serious bodily injury.  Further, LVMPD was aware that their police officers had a problem of using excessive and unreasonable force, including deadly force and the use of less then lethal rounds, against individuals.  In other words, LVMPD was aware that there was a problem involving numerous officer involved shootings (both lethal and non-lethal rounds) of individuals which could have been reasonably avoided had the officers employed well known and accepted police tactics and

COMPLAINT FOR DAMAGES

techniques to avoid having to unnecessarily use excessive force, including deadly force, against these individuals who keep getting shot by LVMPD officers.

98.     LVMPD was aware that failure to implement proper training with regards to their officers use of force, including deadly force, would result in LVMPD continuing to have numerous unreasonable officer involved shootings of individuals.

99.     The training that LVMPD police officers, including Officers FRYMAN, EMERTON, FERGUSON, LOCHER, and DOES 1-5, should have received with regards to the use of force, including deadly force, against individuals includes training that officers not use less than lethal rounds on individuals peacefully protesting, to not use deadly force against inviduals who have guns on their person and are in compliance with Nevada's "open carry" laws, using force, including deadly force, against inviduals who are running away from the police, to first exhaust all less then lethal alternatives before resorting to the use of deadly force when reasonable, to give a verbal warning that deadly force would be used prior to shooting and to not use deadly force against an individual unless he poses an immediate or imminent threat of death or serious bodily injury.  On information and belief, the training provided to LVMPD police officers,  including Officers FRYMAN, EMERTON, FERGUSON, LOCHER, and DOES 1-5, with regards to the use of force, includiong deadly force, against individuals did not include this type of training.

100.   The training that LVMPD police officers, including Officers FRYMAN, EMERTON, FERGUSON, LOCHER, and DOES 1-5, received with regards to using force, including deadly force, was inadequate because it has continuously resulted in numerous unreasonable uses of force by  LVMPD police officers (going back at least five (5) years).  Further, the training that LVMPD police officers, including Officers Officers FRYMAN, EMERTON, FERGUSON, LOCHER, and DOES 1-5, received with regards to using force, including deadly

force, was inadequate because it failed to implement well known and accepted police tactics and techniques for dealing with individuals, including individuals who guns on their person in compliance with state law, who are peacefully protesting, and who are running away from the police. Theses well known and accepted police practices and techniques are routinely used to train law enforcement from other agencies throughout the County.

101.  The failure of the Defendant LVMPD police department to provide adequate training with regards to the use of force, including deadly force, caused the deprivation of the Plaintiffs' rights by Officers FRYMAN, EMERTON, FERGUSON, LOCHER, and DOES 1-5. In other words, the Defendant's failure to train is so closely related to the deprivation of the DECEDENT/Plaintiffs' rights as to be the moving force that caused the ultimate injury.

102.  By failing to provide adequate training LVMPD's police officers, including Officers FRYMAN, EMERTON, FERGUSON, LOCHER, and DOES 1-5, acted with an intentional, reckless, and callous disregard for the life of DECEDENT, and DECEDENT's and Plaintiffs' constitutional rights. Defendants DOES 6-10, each of their actions were willful, wanton, oppressive, malicious, fraudulent, and extremely offensive and unconscionable to any person of normal sensibilities.

103.  By reason of the aforementioned acts and omissions of Defendants DOES 6-10, Plaintiffs were caused to incur medical expenses, incur funeral and related burial expenses, and loss of financial support.

104.  By reason of the aforementioned acts and omissions of Defendants DOES 6-10, Plaintiffs have suffered loss of love, companionship, affection, comfort, care, society, and future support.

105.  Accordingly, Defendants DOES 6-10, each are liable to Plaintiffs for compensatory damages under 42 U.S.C. § 1983.

106.  Plaintiffs seek wrongful death and survival damages under this claim.

107.   Plaintiffs also seek statutory attorney fees under this claim.

**SEVENTH CLAIM FOR RELIEF**

**Municipal Liability— Ratification (42 U.S.C. § 1983)**

(Against Defendants DOES 6-10 and LVMPD)

108.   Plaintiffs repeat and reallege each and every allegation in paragraphs 1 through 107 of this Complaint with the same force and effect as if fully set forth herein.

109.   Officers FRYMAN, EMERTON, FERGUSON, LOCHER, and DOES 1-5 acted under color of law when they shot DECEDENT with both nonlethal and lethal rounds.

110.   The acts of Officers FRYMAN, EMERTON, FERGUSON, LOCHER, and DOES 1-5 deprived DECEDENT and Plaintiffs of their particular rights under the United States Constitution.

111.   DOES 6-10 acted under color of state law.

112.   DOES 6-10 had final policymaking authority of Defendant LVMPD concerning the acts of Officers FRYMAN, EMERTON, FERGUSON, LOCHER, and DOES 1-5.

113.   DOES 6-10 ratified Officers FRYMAN, EMERTON, FERGUSON, LOCHER, and DOES 1-5 acts, including their shooting of DECEDENT.  That is DOES 6-10 knew of and specifically made a deliberate choice to approve FRYMAN, EMERTON, FERGUSON, LOCHER's acts and the basis for it.

114.   On information and belief, DOES 6-10 knew that DECEDENT had been peacefully protesting then complied with a law enforcement order to disperse and was walking back to his parked vehicle when he was shot with less than lethal rounds then ultimately shot with lethal rounds, that DECEDENT was in compliance with state law with regards to having his guns and vest on him, that he never pointed a gun at anyone, that he never shot or tried to shoot at anyone, he never charged at

-23-

any of the officers, ran away from the officers, neveral verbally threatened anyone and never physically injured anyone nor did he ever attempt to do so.

115.    On information and belief, the official policies with respect to the incident are that officers are not to use deadly force against an individual unless the individual poses an immediate risk of death or serious bodily injury to the officers or others, or if the individual has inflicted death or serious bodily injury against someone or threatened to do so, the officers may use deadly force to prevent the individual's escape.  The officers' actions deviated from these official policies because DECEDENT did not pose an immediate threat of death or serious bodily injury to the involved officers or anyone, including but not limited to, because DECEDENT had been peacefully protesting then complied with a law enforcment order to disperse, then began to walk back to his parked vehicle so he could leave the area when he was shot with less than lethal rounds and ultimately with lethal rounds, DECEDENT was in compliance with state law with regards to having his guns and vest on him, he never pointed a gun at anyone, he never shot or tried to shoot at anyone, he never charged at any of the officers, he ran away from the officers, he neveral verbally threatened anyone and never physically injured anyone nor did he ever attempt to do so.  Further, the involved officers also deviated from the official policies because pursuant to the official policies of the LVMPD Police Department, the officers could not use deadly force to prevent DECEDENT from escaping because he did not inflict death or serious bodily injury on anyone nor did he threaten to do so.

116.   On information and belief, the LVMPD approved of the Officers FRYMAN, EMERTON, FERGUSON, LOCHER, and DOES 1-5's actions after a hearing presented by the officers' legal counsel to DOES 6-10, after which DOES 6-10 found the officers' actions to be within the official policies of LVMPD.  On information and belief, the basis for such approval was based on the officers' self-serving statements that they feared they were about to be shot and killed by

DECEDENT, despite the plethora of evidence to the contrary, including evidence that the DECEDENT had been peacefully protesting then complied with a law enforcment order to dispurse, then began to walk back to his parked vehicle so he could leave the area when he was shot with less than lethal rounds and ultimately with lethal rounds, DECEDENT was in compliance with state law with regards to having his guns and vest on him, he never pointed a gun at anyone, he never shot or tried to shoot at anyone, he never charged at any of the officers, he ran away from the officers, he neveral verbally threatened anyone and never physically injured anyone nor did he ever attempt to do so.

## EIGHTH CLAIM FOR RELIEF

### Battery (State Law Claim for Battery)

(Wrongful Death/Survival)

(Against Defendants LVMPD, FRYMAN, EMERTON, FERGUSON, LOCHER, and DOES 1-5)

117.   Plaintiffs repeat and reallege each and every allegation in paragraphs 1 through 116 of this Complaint with the same force and effect as if fully set forth herein.

118.   Defendants FRYMAN, EMERTON, FERGUSON, LOCHER, and DOES 1-5, while working as police officers for LVMPD, and acting within the course and scope of their duties, intentionally shot DECEDENT multiple times with both nonlethal and lethal rounds.  As a result of the actions of Officers FRYMAN, EMERTON, FERGUSON, LOCHER, and DOES 1-5, DECEDENT suffered severe mental and physical pain and suffering, loss of enjoyment of life and ultimately died from his injuries and lost earning capacity.  Officers FRYMAN, EMERTON, FERGUSON, LOCHER, and DOES 1-5 had no legal justification for using force, including deadly force, against DECEDENT and said Defendants' use of force while carrying out their officer duties was an unreasonable use of force, especially

COMPLAINT FOR DAMAGES

since DECEDENT had just been peacefully protesting then complied with a law enforcement disbursement order and was walking back to his parked vehicle so he could leave the area, DECEDENT was in compliance with state law with regards to having his guns and vest on him, he never pointed a gun at anyone, shot or tried to shoot at anyone, he never charged at any of the officers, he ran away from the officers, he never verbally threatened anyone, he never physically injured anyone, nor did he ever attempt to do so and the officers did not give a verbal warning that deadly force would be used prior to the shooting. As a direct and proximate result of Defendants' conduct as alleged above, Plaintiffs suffered extreme and severe mental anguish and pain and have been injured in mind and body. Plaintiffs also have been deprived of the life-long love, companionship, comfort, support, society, care and sustenance of DECEDENT, and will continue to be so deprived for the remainder of their natural lives. Plaintiffs also are claiming funeral and burial expenses and a loss of financial support.

119. LVMPD is vicariously liable for the wrongful acts of Defendants FRYMAN, EMERTON, FERGUSON, LOCHER, and DOES 1-5 because they were acting under color of law and within the course and scope of their employment as police officers for LVMPD.

120. The conduct of Officers FRYMAN, EMERTON, FERGUSON, LOCHER and DOES 1-5 was malicious, wanton, oppressive, and accomplished with a conscious disregard for the rights of Plaintiffs and DECEDENT, entitling Plaintiffs and DECEDENT, to an award of exemplary and punitive damages.

121. Plaintiffs are seeking both survival and wrongful death damages under this claim.

COMPLAINT FOR DAMAGES

# NINTH CLAIM FOR RELIEF

## Negligence (State Law Claim for Negligence)

(Wrongful Death/Survival)

(Against All Defendants)

122.    Plaintiffs repeat and reallege each and every allegation in paragraphs 1 through 121 of this Complaint with the same force and effect as if fully set forth herein.

123.    The actions and inactions of the Defendants were negligent and reckless, including but not limited to:

    a.    the failure to properly and adequately train employees, including Officers FRYMAN, EMERTON, FERGUSON, LOCHER and DOES 1-5, with regards to the use of force, including deadly force;

    b.    the failure to properly and adequately assess the need to detain, arrest, and use force, including deadly force against DECEDENT;

    c.    the negligent tactics and handling of the situation with DECEDENT, including pre-shooting negligence;

    d.    the negligent detention, arrest, and use of force, including deadly force, against DECEDENT;

    e.    the failure to provide prompt medical care to DECEDENT;

    f.    the failure to properly train and supervise employees, both professional and non-professional, including Officers FRYMAN, EMERTON, FERGUSON, LOCHER and DOES 1-5;

    g.    the failure to ensure that adequate numbers of employees with appropriate education and training were available to meet the needs of and protect the rights of DECEDENT;

h.   the negligent handling of evidence and witnesses;

i.   the negligent handling of individuals peacefully protesting, including after a disbursement order is given by law enforcement;

j.   the negligent handling of individuals with guns on them in compliance with state law; and

k.   the negligent handling of individuals who are running away from the police.

124.   As a direct and proximate result of defendants' conduct as alleged above, and other undiscovered negligent conduct, DECEDENT was caused to suffer severe pain and suffering and ultimately died and lost earning capacity.  Also as a direct and proximate result of defendants' conduct as alleged above, Plaintiffs suffered extreme and severe mental anguish and pain and have been injured in mind and body.  Plaintiffs also have been deprived of the life-long love, companionship, comfort, support, society, care and sustenance of DECEDENT, and will continue to be so deprived for the remainder of their natural lives.  Plaintiffs also are claiming funeral and burial expenses.

125.   LVMPD is vicariously liable for the wrongful acts of Officers FRYMAN, EMERTON, FERGUSON, LOCHER and DOES 1-5 because they acted under color of law and within the course and scope of their employment as police officers for LVMPD.

126.   The negligent acts of Officers FRYMAN, EMERTON, FERGUSON, LOCHER and DOES 1-5 resulted in bodily harm, including death, to DECEDENT. Plaintiffs are seeking wrongful death damages and survival damages under this claim.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs JEANNE LLERA and JORGE L. GOMEZ, as the appointed co-special administrators of the estate of JORGE A. GOMEZ; JEANNE LLERA; and JORGE L. GOMEZ request entry of judgment in their favor and against Defendants LAS VEGAS METROPOLITAN POLICE DEPARTMENT; RYAN FRYMAN; DAN EMERTON; VERNON FERGUSON; ANDREW LOCHER; AND DOES 1-10, inclusive, as follows:

A.    For compensatory damages, including both survival damages and wrongful death damages under federal and state law, in the amount to be proven at trial;

B.    For funeral and burial expenses;

C.    For medical billing and expenses;

D.    For punitive damages against the individual defendants in an amount to be proven at trial;

E.    For interest;

F.    For reasonable costs of this suit and statutory attorneys' fees; and

G.    For such further other relief as the Court may deem just, proper, and appropriate.


DATED:  August 5, 2020        GONZALEZ & FLORES LAW FIRM
                              CLAGGETT & SYKES LAW FIRM


                         By_____
                              Rodolfo Gonzalez, Esq.
                              Edgar Flores, Esq.
                              Sean Claggett, Esq.
                              Steve Lewis, Esq.
                              *Attorneys for Plaintiffs*

COMPLAINT FOR DAMAGES

1    **<u>DEMAND FOR JURY TRIAL</u>**

2    Plaintiffs hereby demand a trial by jury.

3

4

5    DATED:  August 5, 2020            GONZALEZ & FLORES LAW FIRM
                                       CLAGGETT & SYKES LAW FIRM
6

7                                      By_____

8                                         Rodolfo Gonzalez, Esq.
                                          Edgar Flores, Esq.
9                                         Sean Claggett, Esq.
                                          Steve Lewis, Esq.
10                                        *Attorneys for Plaintiffs*

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-30-