UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| Jeanne Llera, et al.,  | Case No. 2:20-cv-01589-RFB-BNW |
|---|---|
| Plaintiffs, | **ORDER re ECF No. 69** |
| v. | |
| Las Vegas Metropolitan Police Department, et al., | |
| Defendants. | |

Before the Court is Defendants' motion to seal. ECF No. 69. The motion is unopposed.

**I.      Legal Standard**

Generally, the public has a right to inspect and copy judicial records. *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). Such records are presumptively publicly accessible. *Id.* Consequently, a party seeking to seal a judicial record bears the burden of overcoming this strong presumption. *Id.* In the case of dispositive motions, the party seeking to seal the record must articulate compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process. *Id.* at 1178-79 (alteration and internal quotation marks and citations omitted). The Ninth Circuit has further held that the full presumption of public access applies to technically non-dispositive motions and attached documents as well if the motion is "more than tangentially related to the merits of the case." *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101 (9th Cir. 2016).

Simply designating a document as "Confidential" under a protective order is insufficient to meet the compelling reasons standard by itself. *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122,1136 (finding that documents subject to a protective order are filed under seal as attachments to dispositive motions are still subject to the 'compelling reasons' standard). The party seeking to seal documents still must show that the specific interests favoring continued secrecy outweigh "the public interest in understanding the judicial process." *Hagestad v.*

*Tragesser,* 49 F.3d 1430, 1434 (9th Cir. 1995); *see also Kamakana*, 447 F.3d at 1181. Even if the Court determines some information to be confidential, a court must still consider whether portions of the material can be redacted to allow public disclosure. *Foltz,* 331 F.3d at 1136-37 (finding that documents could be redacted to protect privacy interests and still preserve public access); *see also In re Roman Catholic Archbishop of Portland in Oregon,* 661 F.3d 417, 425 (9th Cir. 2011).

**II.     Defendant has met the compelling reasons standard.**

Here, Defendants' motion seeks to seal Exhibit F attached to their Motion for Summary Judgment (filed at ECF No. 68). Exhibit F is the Critical Incident Review Team (CIRT) Report prepared in conjunction with the officer-involved shooting forming the basis of the instant claim. Defendants' motion for summary judgment is dispositive because, if granted, the motion would dismiss all of Plaintiffs' claims.

Defendants seek to seal this report explaining it was "created to be confidential" so as to foster a "candid and forthright evaluation into officer involved shootings." ECF No. 69 at 4. The rationale is that confidentiality will engender "better policies" and "training." *Id*.

The Court previously found this report was partially protected by the deliberative process privilege. ECF No. 50 at 5. While the Court explained why the report had to be disclosed to Plaintiffs (despite the privilege at hand), it recognizes that different concerns are at play when making this report accessible to the public.

The Court agrees with Defendants that the rationale behind this report satisfies a compelling need. In addition, Defendants' Motion for Summary Judgment barely relies on the report.[1] Given this, access to it would not yield a better understanding of the judicial process.

Accordingly, given the specific circumstances of this case, compelling reasons exist to maintain Exhibit F under seal.

//

//

---

[1] Defendants' Motion for Summary Judgment only cites to pages 15, 28, 40-44, and 51-52 of the CIRT report. ECF No. 68.

### III. Conclusion and Order

**IT IS THEREFORE ORDERED** that Defendants' Motion for Leave to file Exhibit F to their Motion for Summary Judgment under Seal (ECF No. 69) is GRANTED.

**IT IS FURTHER ORDERED** that the Clerk of Court is kindly directed to maintain Exhibit F, filed at ECF No. 88, under seal.

**IT IS FURTHER ORDERED** that the motion hearing set for August 11, 2022 as it relates only to ECF No. 69 is VACATED.

DATED: July 25, 2022.

BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE