UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Jeanne Llera, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> Las Vegas Metropolitan Police Department, *et al.*, <br><br> Defendants. | Case No. 2:20-cv-01589-RFB-BNW <br><br> **ORDER re ECF No. 77** |

Before the Court is Defendant John Squeo's Motion for Sanctions. ECF No. 77. Defendants Dan Emerton, Vernon Ferguson, Ryan Fryman, Las Vegas Metropolitan Police Department, and Andrew Lochman filed a joinder at ECF No. 83. Plaintiffs Jorge Luis Gomez and Jeanne Llera opposed at ECF No. 91, and Defendant Squeo replied at ECF No. 97. The Court held an evidentiary hearing on September 20, 2022. ECF No. 111.

The Court has reviewed the parties' briefs and attached exhibits as well as the testimony and evidence presented at the evidentiary hearing.[1] For the reasons discussed below, the Court denies Defendants' motion for sanctions.

I.  **Background**

The tragic incident involving the death of Jorge Antonio Gomez took place on June 1, 2020, during a protest in downtown Las Vegas. At some point during the demonstration, and for disputed reasons, law enforcement officers fired their weapons at him, which resulted in his death. Jorge Antonio Gomez is the son of Plaintiffs Jeanne Llera and Jorge Luis Gomez.[2]

Defendants seek terminating sanctions against both Plaintiffs for spoliating evidence. ECF No. 77 at 4, 14, 18. In the alternative, they ask that the Court adopt an adverse inference

---

[1] Plaintiffs stipulated to the Court considering the exhibits attached to the parties' briefing, and Defendants stipulated to admitting all attached exhibits with the exception of Exhibits B and H attached to Plaintiff's opposition. ECF Nos. 117, 118. The Court has not considered either of these contested exhibits.

[2] In an attempt to avoid confusion, the Court will refer to Jorge Antonio Gomez as Jorge Antonio and Jorge Luis Gomez as Jorge Luis.

instruction against Plaintiffs. *Id*. at 14–15, 18. Defendants argue that Plaintiffs (1) destroyed messages between Ms. Llera and Berklee Guest (2) destroyed evidence between Ms. Llera and Rayce Rayos, (3) removed contents from Jorge Luis' truck, and (4) destroyed documents relating to the towing of Jorge Luis' truck. *Id*. at 1–4.

**II.    Discussion**

        **1.    Ms. Llera's Signal Communications with Ms. Guest**

            **A.    Parties' Arguments**

Defendants argue that "Ms. Llera asked Ms. Guest to communicate with her through Signal" after Defendant Squeo "subpoenaed Ms. Guest to obtain her communications with Plaintiffs[.]" ECF No. 77 at 3. But, according to Defendants, Ms. Guest does not have copies of the Signal communications, nor does she remember what she and Ms. Llera discussed through Signal. *Id*. Defendants' position is that Ms. Llera's decision to communicate with Ms. Guest using Signal is an "intentional and egregious" effort to spoliate evidence. *Id*. As a result, Defendants request spoliation sanctions. *Id*. at 5.

Plaintiffs counter that they "did not destroy or intend to destroy any evidence related to or relevant to anticipated litigation" and, therefore, no sanctions are warranted. ECF No. 91 at 5, 12. They explain Ms. Llera never told Ms. Guest to communicate by Signal and that, in any event, they did not communicate about Ms. Guest's observations of the shooting underlying this litigation. *Id*. at 4, 8. Plaintiffs also assert that Defendants have not been prejudiced by the potentially lost Signal messages, which they continue to argue do not exist. In addition, Plaintiffs add that Ms. Llera's "wanting to use the Signal app did not foreclose a meaningful defense," as other discovery (such as other communications, declarations, and depositions) would enable Defendants to prepare an effective defense. *Id*. at 6, 12. Finally, Plaintiffs note that "any requested sanction on this basis would not apply to Mr. Gomez." *Id*. at 3, 12.

            **B.    Legal Standard**

"Spoliation is the destruction or significant alteration of evidence, or the failure to preserve [evidence,] . . . in pending or reasonably foreseeable litigation." *United States v. Kitsap*

*Physicians Serv.*, 314 F.3d 995, 1001 (9th Cir. 2002). Fed. R. Civ. P. 37 ("Rule 37") authorizes the Court to sanction non-adherence to discovery rules, including spoliation of evidence.

Before determining whether the Court should impose sanctions, Rule 37(e) requires the Court to assess the following four criteria: (1) whether the information qualifies as electronically stored information ("ESI"); (2) whether there was a duty to preserve the ESI in the anticipation or conduct of litigation; (3) whether the ESI was lost because a party failed to take reasonable steps to preserve it; and (4) whether the ESI can be restored or replaced through additional discovery. If those criteria are met, and the reviewing court finds there is "prejudice to another party from [the] loss of the [ESI]," the Court may "order measures no greater than necessary to cure the prejudice." Fed. R. Civ. P. 37(e)(1).

If, however, the party who was supposed to preserve the ESI "acted with the intent to deprive another party of the information's use in the litigation," the Court may authorize the following sanctions:

> (A) presume that the lost information was unfavorable to the party;
> (B) instruct the jury that it may or must presume the information was unfavorable to the party; or
> (C) dismiss the action or enter a default judgment.

Fed. R. Civ. P. 37(e)(2).

Terminating sanctions under Rule 37(e)(2)(C) are "very severe." *Connecticut Gen. Life Ins. Co. v. New Images of Beverly Hills*, 482 F.3d 1091, 1096 (9th Cir. 2007). However, they are appropriate when the Court finds "willfulness, fault, or bad faith." *Leon v. IDX Systems Corp*, 464 F.3d 951, 958 (9th Cir. 2006).

"[T]he relevant standard of proof for spoliation sanctions is a preponderance of the evidence." *Fast v. GoDaddy.com LLC*, 340 F.R.D. 326, 335 (D. Ariz. 2022) (citations omitted).

**C.  Analysis**

First, the Signal communications constitute ESI for purposes of a Rule 37 analysis. *See Oppenheimer v. City of La Habra*, No. SACV1600018JVSDFMX, 2017 WL 1807596, at *7 (C.D. Cal. Feb. 17, 2017) ("Because the text messages and the e-mails are electronically stored information . . . this Court needs to apply Rule 37(e).").

The next steps are to determine whether the ESI is "lost" because Plaintiff failed to take reasonable steps to preserve it and whether it can be restored or replaced through additional discovery. Fed. R. Civ. P. 37(e). "A party must show by competent evidence, which could take the form of expert testimony or other evidence, that the ESI sought was actually lost" and cannot be restored or replaced with additional discovery. *Colonies Partners, L.P. v. Cnty. of San Bernardino*, No. 518CV00420JGBSHK, 2020 WL 1496444, at *5 (C.D. Cal. Feb. 27, 2020), *report and recommendation adopted*, No. 518CV00420JGBSHK, 2020 WL 1491339 (C.D. Cal. Mar. 27, 2020) (citations omitted).

Here, the record establishes that, on November 12, 2020 and during the pendency of litigation, Ms. Llera messaged Ms. Guest, a material witness in this case, on the Signal app. Def. Exh. 11. The record further establishes that, on November 15, 2020, Ms. Llera activated a feature on her Signal app that automatically deleted her messages with Ms. Guest one day after they were sent. *Id.* Additionally, on June 21, 2022, Ms. Llera disabled the disappearing messages function so that messages would no longer delete after a day. *Id.* To (mostly) everyone's surprise, Ms. Guest brought what she testified was the sum total of the Signal communications with Ms. Llera. ECF No. 113 at 14. A copy was provided to Defendants. *Id.* at 16–17.

The problem with Defendants' argument is that even if this Court were to agree that additional Signal communications existed between Ms. Llera and Ms. Guest (besides those brought to court), Defendants have not established any such communications are actually lost and cannot be replaced or restored through additional discovery. Defendants argued in conclusory fashion that "the records of those [Signal] messages [between Ms. Guest and Ms. Llera] are forever gone." *Id.* at 91. But they did not offer any evidence to support this claim. For example, they did not demonstrate that the phones of the parties in questions had been forensically inspected and that no messages were found or that they could not subpoena these "lost" messages directly from Signal.[3] As a result, the Court cannot find spoliation. *See Fiteq Inc v. Venture Corp.*, No. 13-CV-01946-BLF, 2016 WL 1701794, at *2–3 (N.D. Cal. Apr. 28, 2016) (denying

---

[3] At the evidentiary hearing, Ms. Llera testified, "I guess you can contact Signal and get it." However, Defendants did not argue this was possible. ECF No. 113 at 73.

plaintiff's motion *in limine* for a spoliation jury instruction where plaintiff failed to show that ESI sought was not "restored or replaced through additional discovery" and failed "to prove that other responsive documents ever existed"); *see also Hugler v. Sw. Fuel Mgmt., Inc.*, No. 16CV4547FMOAGRX, 2017 WL 8941163, at *9 (C.D. Cal. May 2, 2017) (denying party's request for sanctions for spoliation of emails and text messages because movant could not establish the ESI could not be restored or replaced with additional discovery).

### 2. Ms. Llera's Signal Communications with Mr. Rayos

#### A. Parties' Arguments

Defendants argue that the Court also should sanction Ms. Llera for "intentionally destroying her communications" with witness Rayce Rayos. ECF No. 77 at 2. They assert that Ms. Llera asked Mr. Rayos to communicate with her via Signal "during the pendency of this case and to subvert Defendants' discovery[.]" *Id*. at 3.

Plaintiffs submit that "Mr. Rayos never had the Signal application, so there are no communications which were lost." ECF No. 91 at 3, 8.

#### B. Legal Standard

The Court employs the same legal standard identified in analyzing Ms. Llera's Signal communications with Ms. Guest.

#### C. Analysis

As explained above, even if the Court agreed to the existence of any such communications, Defendants have not established by a preponderance of the evidence that any such communications could not be restored or replaced through additional discovery. *See Hugler*, 2017 WL 8941163, at *8 (explaining that "if the despoiled information can be restored or replaced through additional discovery, the Court cannot impose sanctions under Rule 37(e)").

### 3. Mr. Gomez's Removal of a Black Bag or Case from his Truck

#### A. Parties' Arguments

Defendants next move to enter terminating sanctions against Plaintiff Jorge Luis "for removing evidence" from the truck he lent to his son Jorge Antonio to use on June 1, 2020. ECF No. 77 at 3, 17. Defendants submit that Jorge Luis found his truck in downtown Las Vegas, had it

towed to his law firm's office, and subsequently removed items from it. *Id*. at 3. Defendants believe that Jorge Luis removed a black case from the truck that they speculate contained a rifle with an illegal bump stock.[4] *Id*. at 4.

Plaintiffs counter that Jorge Luis retrieved the truck he owned after it had received a parking ticket, and "there was no court order or search warrant for the vehicle which precluded him from removing any items from its cabin." ECF No. 91 at 4.

### B.     Legal Standard

Spoliation of evidence involves the destruction or significant alteration of evidence, or the failure to preserve property for another's use as evidence in pending or reasonably foreseeable litigation. *See United States v. Kitsap Physicians Serv.*, 314 F.3d 995, 1001 (9th Cir. 2002). A district court has the "inherent discretionary authority" to make appropriate evidentiary rulings in response to the destruction or spoliation of relevant evidence. *Glover v. BIC Corp.*, 6 F.3d 1318, 1329 (9th Cir. 1993). This inherent authority includes the power to sanction the responsible party for failing to preserve material evidence. *Med. Lab. Mgmt. Consultants v. Am. Broad. Cos.*, 306 F.3d 806, 824 (9th Cir. 2002).

"Although the Ninth Circuit has . . . not set forth a precise standard for determining when spoliation sanctions are appropriate, the majority of trial courts have adopted the following test: (1) the party having control over the evidence had an obligation to preserve it at the time it was destroyed; (2) the records were destroyed with a culpable state of mind; and (3) the evidence was relevant to the party's claim or defense such that a reasonable trier of fact could find that it would support that claim or defense." *Dabney v. Wyoming Vapor Co., LLC*, No. 3:19-CV-00230-YY, 2020 WL 5731819, at *4 (D. Or. July 10, 2020) (internal brackets, quotation marks, and citations omitted). "The party seeking spoliation sanctions bears the burden of establishing each element." *Id*. (citation omitted).

### C.     Analysis

At the outset, the Court notes that a claim of spoliation must rest on more than speculation. *See Reinsdorf v. Skechers U.S.A., Inc.*, 296 F.R.D. 604, 631 (C.D. Cal. 2013) ("Mere

---

[4] Defendants refer to the black item as both a "case" and "garment bag." *Compare* ECF No. 77 at 3, 15 *with id*. at 16.

1  speculation that other deleted documents may exist that might be helpful to a party's case is also
2  an insufficient basis for a finding of spoliation."); *see also Galicia v. Nat'l R.R. Passenger Corp.*,
3  No. CV 17-8020-JFW (JCX), 2018 WL 6314191, at *4 (C.D. Cal. July 20, 2018) ("The case law
4  on spoliation is clear that the burden for showing spoliation occurred requires more than a mere
5  suggestion or implication.") (citations omitted).

6  Defendants argue that Jorge Luis removed a black case or garment bag from his truck.
7  ECF No. 77 at 3, 15, 16. They submit that the tow truck driver saw this black case in the truck
8  and that it "likely contained another rifle with an illegal 'bump stock . . . .'" *Id*. at 4. Contrary to
9  Defendants' representations, tow truck driver Benjamin Avila testified at his deposition that the
10 case he saw in Jorge Luis' truck was *not* a rifle case.[5] ECF No. 112-1 at 18. He further testified
11 that he believed the case was for a musical instrument. *Id*. at 18–19.

12 Defendants ask the Court to assume the truck contained a rifle with an illegal bump stock
13 despite the fact that the only evidence in the record suggests otherwise. Defendants "must do
14 more than speculate that evidence exists and must present evidence to the Court that the evidence
15 existed at one time." *Scalia v. Cnty. of Kern*, 576 F. Supp. 3d 703, 716 (E.D. Cal. 2021) (citations
16 omitted). Defendants also generally argue without any supporting evidence, that "[t]he missing
17 black case could also have contained documents reflecting Jorge Antonio's plan to commit
18 violent acts against the police." ECF No. 77 at 16. While Defendants rely on documents that
19 Jorge Antonio had allegedly authored regarding his thoughts on protesting (*id*. at 16–17), they
20 have not presented any evidence that would establish any such documents would be found in this
21 black case or garment bag.

22 Given the above, Defendants have not established that spoliation is at play and, thus, no
23 sanctions should be imposed. *See Scalia*, 576 F. Supp. 3d at 717.

24 **4.     Communications and Documents Related to the Towing of Jorge Luis' Truck**
25 **1.     Parties' Arguments**

26 Defendants argue that Plaintiffs engaged "[i]n yet another example of willful spoliation"
27 by "spoliat[ing] documents and communications related to the truck's towing." ECF No. 77 at 17.

---

[5] Mr. Avila also testified that he saw a camera with a tripod in the truck. ECF No. 112-1 at 18.

They assert that these towing communications and documents are "relevant to the truck's contents before Jorge Luis entered it and why he moved and entered the truck" and "relevant to when Jorge Luis learned of the truck's location and whether he lied to LVMPD when he claimed he did not know its location." *Id*. at 18. As a result, they ask the Court to issue terminating sanctions or, in the alternative, an adverse inference instruction. *Id*.

Plaintiffs counter that Jorge Luis sought LVMPD's assistance in locating his truck (that contained his wallet) only to be told that they could not help and that the department was not interested in the truck should he find it. ECF No. 91 at 8. They also argue that Plaintiffs have not destroyed or intended to destroy evidence relevant to this litigation and, in any event, Defendants have not suffered prejudice. *Id*. at 5–6.

**2.    Legal Standard**

The Court adopts the same legal standard as that used in analyzing the contents of Jorge Luis' truck.

**3.    Analysis**

Defendants do not explain *how* these communications and documents are relevant to the *claims and defenses* in this case, and the Court cannot manufacture arguments for litigants. *See Indep. Towers of Washington v. Washington,* 350 F.3d 925, 929 (9th Cir. 2003) (citation omitted). As a result, the Court finds that Defendants have not met their burden in showing these materials are relevant. In light of this finding, the Court need not reach the other factors.

**III.   Conclusion**

**IT IS THEREFORE ORDERED** that Defendant's Motion for Sanctions (ECF No. 77) is DENIED.

DATED: March 31, 2023.

```
                                   _____
                                   BRENDA WEKSLER
                                   UNITED STATES MAGISTRATE JUDGE
```